IN RE CLAIM OF KING.

[Cite as In re Claim of King (1980), 62 Ohio St. 2d 87.]

(No. 79-1510—Decided April 16, 1980.)

*Messrs. Douthett & Ochsenbein* and' *Mr. Marshall B. Douthett,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Marquette D. Evans,* for appellant.

*Per Curiam.* The issue before this court is whether the requirement of R. C. 4141.28(O) that a party appealing to the

Court of Common Pleas timely file a copy of his notice of appeal with all interested parties is a mandatory and jurisdictional requirement. R. C. 4141.28(O) provides, in relevant part:

"Any interested party may, within thirty days after notice of the decision of the board was mailed to the last known post office address of all interested parties, appeal from the decision of the board to the court of common pleas of the county wherein the appellant, if an employee, is resident or has his principal place of business in this state. *Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal* with the clerk of the court of common pleas, with the board, and *upon all appellees* by certified mail to their last known post office address. ***All other interested parties before the board or the referee shall be made appellees.*" (Emphasis added.)

"Interested party," as defined in R. C. 4141.01(I), includes the administrator of the Bureau of Employment Services.

This court, in *Zier* v. *Bureau of Unemployment Comp.* (1949), 151 Ohio St. 123, held in the first paragraph of the syllabus that: "An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditional upon compliance with the accompanying mandatory requirements." We held further in the second paragraph of the syllabus that "***[c]ompliance with these specific and mandatory requirements governing the filing of such notice is essential to invoke jurisdiction of the Court of Common Pleas. ***" See, also, *Todd* v. *Garnes* (1975), 44 Ohio St. 2d 56. It is, therefore, well-established that where a statute confers a right of appeal, as in the instant cause, strict adherence to the statutory conditions is essential for the enjoyment of that right. *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, paragraph one of the syllabus.

In order to perfect an appeal under R. C. 4141.28(O), the statute explicitly requires that the party appealing serve all other interested parties with notice. Appellee herein failed to follow this directive when he failed to serve notice on appellant. Therefore, this court finds that the Court of Common

Pleas lacked subject-matter jurisdiction in this matter. The lack of subject-matter jurisdiction is not a waivable defense and may be raised for the first time on appeal. *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, paragraph six of the syllabus. Thus, it was allowable for appellant to raise this defense for the first time in the Court of Appeals.

Appellee's reliance on our decision in *Joy Mfg. Co.* v. *Albaugh* (1953), 159 Ohio St. 460, is misplaced. In that case we interpreted the predecessor statute to the current R. C. 4141.28(O). The earlier statute did not so clearly mandate that the administrator of the Bureau of Employment Services be served with notice, as does the present statute.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, KERNS, SWEENEY, LOCHER and HOLMES, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.