OHIO ENVIRONMENTAL PROTECTION AGENCY, Appellee,

v.

ROSS INCINERATION SERVICES, INC., Appellant.

[Cite as *Ohio Environmental Protection Agency v. Ross Incineration Services, Inc.* (1989), 63 Ohio App.3d 648.]

Court of Appeals of Ohio,
Lorain County.

Nos. 88CA004471, 88CA004482.

Decided Aug. 16, 1989.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *James O. Payne, Jr.,* Assistant Attorney General, for appellee.

*Richard D. Panza, Thomas A. Downie* and *Linda C. Ashar,* for appellant.

CACIOPPO, Presiding Judge.

Ohio Environmental Protection Agency ("EPA") inspectors entered upon the private property of Ross Incineration Services, Inc. ("Ross"), pursuant to an administrative warrant issued on application to the trial court. EPA photographed the private property of Ross and retained those photographs. Ross requested a temporary restraining order to preserve status quo which was denied. Ross filed a motion to quash the warrant and for an order directing the return of the film, negatives, prints, and any copies. In denying the motion to quash, the trial court stated that Ross had ample redress under Crim.R. 41 and Ohio Adm.Code 3745–50–30. Ross contended that neither of the trial court's suggestions provided a vehicle for the relief sought. However, Ross filed a motion to suppress as a means to seek relief. The trial court denied the motion to suppress stating that the warrant was properly

issued pursuant to Crim.R. 41 and that Ohio Adm.Code 3745–50–30 provides the protection Ross was seeking.

Ross appeals from the trial court's decisions which: issued the administrative warrant and found Ross liable for the costs incurred; denied the temporary restraining order; denied the motion to quash; and denied the motion to suppress.

### Assignments of Error

"I. The trial court erred in denying an evidentiary hearing on Ross's motion to quash.

"II. The trial court erred in denying the motion to quash."

The trial court denied Ross an evidentiary hearing on the motion to quash and denied the motion as a matter of law. Ross proffered the evidence that would have been before the trial court at the evidentiary hearing.

Throughout the proceedings, the trial court referred to Crim.R. 41 and analogized Ross to a criminal defendant. Upon the suggestion from Ross that these proceedings were not criminal in nature, the trial court referred to R.C. 3734.99, which makes a felony reckless violation of any section of R.C. Chapter 3734. The trial court inappropriately relied upon the penalty section. The alleged conduct of Ross did not violate R.C. Chapter 3734. If Ross in fact denied access to EPA as alleged in EPA's affidavit in support of the administrative warrant, that conduct is anticipated, and the remedy is provided in R.C. 3734.07.

The trial court was also incorrect in directing Ross to seek the remedy pursuant to Ohio Adm.Code 3745–50–30. Ross seeks a remedy in the nature of a protective order. See Civ.R. 26(C). Ross contends that EPA may be entitled to photographs as a means to document inspection findings, but the administrative warrant was not the proper vehicle, or at least not necessary to obtain such photographs. Ross argues that the trial court issued a warrant which allowed EPA to obtain information that was not necessary to achieve the purpose of R.C. Chapter 3734, and permitted EPA to act outside the scope of its statutory authority. If Ohio Adm.Code 3745–50–30 applies to the situation at bar, the relief available concerning information that EPA possesses does not embrace the issue concerning unnecessary information, or information EPA acquires outside its statutory authority. Ross seeks protection before EPA acquires such unnecessary information, and does not seek to qualify that information after EPA possesses it.

Ross filed a motion to quash as the vehicle to seek the desired remedy. After a thorough review of the procedure and arguments in the case *sub*

*judice,* we find that the trial court's denial of the evidentiary hearing and denial of the motion to quash are not final appealable orders.

The trial court held an ex parte hearing and granted the EPA application for an administrative warrant. No civil or criminal proceedings were commenced which included evidence obtained in the execution of the warrant.

Ross did not file the motion to quash pursuant to any pending action. Civ.R. 3(A) requires a complaint be filed with the court in order to commence a civil action. Civ.R. 7 distinguishes between a complaint and a motion. A motion to quash is not a substitute for commencing an action such as a declaratory judgment or injunctive relief. Unless Ross commences an action and the trial court reaches the merits concerning the issues raised, Ross must present those issues in an action which EPA commences.

### *Assignment of Error III*

"The trial court erred in imposing costs upon Ross, and in issuing the cost order *ex parte.*"

Ross contends that the administrative search warrant was both unnecessary and without a lawful basis. Ross argues that the warrant was improper, and therefore imposing the costs upon Ross was also improper. Ross further contends that no statutory basis exists for issuing a cost order ex parte.

R.C. 3734.07 provides:

"(C) The board of health or its authorized representative and the director or his authorized representative, upon proper identification and upon stating the purpose and necessity of an inspection, may enter at reasonable times upon any private or public property, real or personal, to inspect or investigate, obtain samples, and examine or copy any records to determine compliance with this chapter. The board of health or its authorized representative or the director or his authorized representative may apply for, and any judge of a court of record may issue, an appropriate search warrant necessary to achieve the purposes of this chapter within the court's territorial jurisdiction. * * *

"(D) If the entry authorized by division (C) of this section is refused or if the inspection or investigation so authorized is refused, hindered, or thwarted by intimidation or otherwise and the director, board of health, or authorized representative of either applies for and obtains a search warrant under division (C) of this section to conduct the inspection or investigation, the owner or operator of the premises where entry was refused or inspection or investigation was refused, hindered, or thwarted is liable to the director or board of health for the reasonable costs incurred by either for the regular salaries and

fringe benefit costs of personnel assigned to conduct the inspection or investigation from the time the entry, inspection, or investigation was refused, hindered, or thwarted until the search warrant is executed; for the salary, fringe benefits, and travel expenses of the attorney general, prosecuting attorney of the county, or city director of law, or an authorized assistant, incurred in obtaining the search warrant; and for expenses necessarily incurred for the assistance of local law enforcement officers in executing the search warrant. In the application for the search warrant, the director or board of health may request and the court, in its order granting the search warrant, may order the owner or operator of the premises to reimburse the director or board of health for such of those costs as the court finds reasonable. * * * "

The statutory language provides for EPA discretion in seeking a warrant and costs, and also allows for judicial discretion in issuing a warrant and imposing costs. R.C. 3734.07(D) clearly states that a request for costs may accompany an application for a search warrant.

EPA applied to the trial court for a search warrant and requested costs. Both the warrant application and costs requested were supported with affidavits. Once the administrative warrant was issued, the trial court did not err in imposing costs.

If Ross successfully challenges the administrative warrant, the imposing of costs must be reviewed pursuant to R.C. 3734.07.

### Summary

The court is without jurisdiction to consider the assignments of error. A motion is not a vehicle to seek a remedy unless brought in conjunction with a pending action. The arguments Ross presents do not arise from a final appealable order.

*Appeal dismissed.*

REECE, J., concurs.

QUILLIN, J., dissents.

QUILLIN, Judge, dissenting.

I believe we have before us a final appealable order. We should reach the merits of the appeal.