**In re INVESTIGATION OF LAPLOW, Resident, Before the State Long–Term Care Ombudsman, Ohio Department of Aging.**

[Cite as *In re Investigation of Laplow* (1993), 87 Ohio App.3d 59.]

Court of Appeals of Ohio,
Summit County.

Nos. 15800, 15978.

Decided April 7, 1993.

*Lee Fisher*, Attorney General, and *Kent M. Shimeall*, Assistant Attorney General, for the state.

*Robert E. Kerper, Jr.* and *Robert M. Stefancin*, for Rocco Parro.

REECE, Judge.

Appellant, Rocco Parro, the Administrator of Edwin Shaw Hospital ("hospital"), appeals the trial court's decision denying his motion for relief from its judgment refusing to quash a subpoena *duces tecum* issued by the Ohio Department of Aging. We reverse.

On April 13, 1992, the State Long–Term Care Ombudsman for the Department of Aging served a subpoena on Parro as administrator of the hospital. This subpoena was issued in order to discover information regarding a complaint that William Laplow was allegedly abused while a resident at the hospital. Parro refused to comply with the subpoena, asserting that the incident reports sought were privileged information which he could not be compelled to produce.

Parro filed motions to quash the subpoena with the Franklin County Court of Common Pleas, the Summit County Court of Common Pleas, and the Department of Aging. The Summit County Common Pleas Court then ruled that the incident reports were not privileged and ordered the hospital to comply with the subpoena. Parro moved for relief from this judgment, which the trial court denied on September 18, 1992. Parro appeals, raising three assignments of error.

## Assignment of Error I

"The Summit County Court of Common Pleas was without jurisdiction to decide the merits of Parro's motion to quash subpoena duces tecum pursuant to Section 173.20(H) of the Ohio Revised Code."

Parro asserts that the Summit County Court of Common Pleas did not have jurisdiction to hear his motion to quash the subpoena. We agree.

R.C. 173.20(H) grants authority to the state ombudsman to issue a subpoena to compel persons to provide information that he believes is relevant to proceedings before the Department of Aging. That statute further provides:

"On the refusal of a witness to be sworn or to answer any question put to him, or if a person disobeys a subpoena, the *ombudsman shall apply to the Franklin County court of common pleas for a contempt order,* as in the case of disobedience of the requirements of a subpoena issued from the court, or a refusal to testify in the court." (Emphasis added.)

Thus, it is undisputed that a motion for contempt for failure to comply with a subpoena must be filed in the Franklin County Common Pleas Court.

The parties dispute, however, where a motion to quash a subpoena can be filed. We find that the Civil Rules and R.C. Chapter 173 do not provide for a motion to quash as an original action. R.C. 173.20 confers jurisdiction only to hear motions for contempt to enforce a state ombudsman's subpoena. There is no statutory provision for a motion to quash in this context. Thus, the only potential origin for such an action would be the Civil Rules.

Civ.R. 2 provides that under the Civil Rules there is only one form of action, which is a civil action. Civ.R. 3(A) requires that a civil action is commenced with the filing of a complaint. In this case, the action was commenced with the filing of a motion to quash a subpoena issued in an administrative investigation. This motion to quash is not a "complaint" to which the Civil Rules apply. It is true that Civ.R. 26(C) allows for a protective order to be sought by a party who is faced with a subpoena which he believes is improper, but this rule also requires that the protective order be sought in "the court in which the action is pending." In this case, there was no pending action when the motion to quash was filed. Thus, Parro's motion is improper under the Civil Rules. As there is no statutory authority to bring a motion to quash a state ombudsman's subpoena in this, or any court in Ohio, the trial court erred in exercising its jurisdiction on this matter.

The Department of Aging claims the trial court correctly asserted jurisdiction because Parro's filing his action in the common pleas court estops him from challenging that court's jurisdiction. We acknowledge that it appears inequitable to allow a party to bring a claim in the forum of his choice, lose, and then allege that court lacks jurisdiction. However, we note that subject matter jurisdiction may not be conferred upon a court by agreement of the parties, may not be waived, and is the basis for mandatory dismissal. *Davidson v. Univ. of Akron* (Jan. 30, 1991), Summit App. No. 14775, unreported, 1991 WL 11398. Therefore,

the common pleas court had no jurisdiction to entertain Parro's motion and should have dismissed his claim. *Id.* at 2–3, citing *Kinney v. Ohio Dept. of Adm. Serv.* (1986), 30 Ohio App.3d 123, 125, 30 OBR 240, 242–243, 507 N.E.2d 402, 404–405. Parro's first assignment of error is well taken.

### Assignments of Error II and III

"II. The Department of Aging has not met its burden of showing the relevance and necessity of the subpoenaed incident report to the investigation concerning the injuries suffered by Laplow."

"III. Incident reports prepared at Edwin Shaw [Hospital] are prepared solely for the purpose of peer review and are not discoverable by the Ohio Department of Aging."

Based on our finding on Parro's first assignment of error, this court is without jurisdiction to consider the merits of Parro's claim. Accordingly, these two assignments of error are rendered moot.

The judgment of the trial court is reversed and the trial court's order is vacated.

*Judgment reversed.*

BAIRD, J., concurs.

QUILLIN, P.J., concurs in judgment only.

QUILLIN, Presiding Judge, concurring in judgment only.

I believe a motion to quash would lie in the Franklin County Court of Common Pleas.