**In re Investigation of LAPLOW; Ohio Department
of Aging, Appellant; Parro, Admr., Appellee.**

[Cite as *In re Investigation of Laplow* (1994), 96 Ohio App.3d 386.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE12–1664.

Decided Aug. 9, 1994.

*Lee Fisher*, Attorney General, and *Kent M. Shimeall*, Assistant Attorney General, for appellant.

*Brouse & McDowell, Robert E. Kerper, Jr.,* and *Robert M. Stefancin,* for appellee.

PETREE, Judge.

Appellant, the Ohio Department of Aging ("ODA"), appeals the decision of the Franklin County Court of Common Pleas granting a motion to quash filed by appellee, Rocco Parro ("Parro"), Administrator of the Edwin Shaw Hospital, in

response to a subpoena *duces tecum* issued by ODA. ODA presents two assignments of error for our review:

"I. The common pleas court erred in exercising subject matter jurisdiction over a motion to quash a subpoena issued by the state long-term care ombudsman in an administrative investigation where no statutory or other authority exists to bring a motion to quash the subpoena.

"II. The common pleas court erred in holding that the state long-term care ombudsman, when conducting an investigation of alleged abuse of a nursing home resident pursuant to R.C. 173.19, did not have access to an incident report regarding the alleged abuse, when incident reports are statutorily accessible."

In April 1992, the designated Regional Long–Term Care Ombudsman Program ("program") for Summit County received a complaint alleging that William Laplow suffered abuse while a resident of the Edwin Shaw Hospital. As part of the investigation, a program representative requested review of an incident report prepared by the hospital concerning the alleged abuse. Parro refused the representative access to the report. Thereafter, the State Long–Term Care Ombudsman for ODA issued a subpoena *duces tecum* upon Parro compelling him to produce the incident report. Parro refused to comply with the subpoena, asserting that the incident report contained confidential and privileged information pursuant to R.C. 2305.251 and was, therefore, not subject to discovery by subpoena. Parro filed motions to quash the subpoena with the Franklin County Court of Common Pleas, the Summit County Court of Common Pleas and ODA.

The Summit County Court of Common Pleas overruled Parro's motion, finding that the incident report was not privileged and ordered the hospital to comply with the subpoena. *In the Matter of the Investigation of William Laplow, Resident* (May 22, 1992), C.P.Misc.Docket No. 92–450, unreported. On appeal, the Summit County Court of Appeals reversed the lower court on the basis that it did not have jurisdiction to hear the motion to quash the subpoena. *In re Investigation of Laplow* (1993), 87 Ohio App.3d 59, 621 N.E.2d 860.

The Franklin County Court of Common Pleas granted Parro's motion, subject to an *in camera* review to determine whether the incident report was privileged pursuant to R.C. 2305.251. Subsequent to its *in camera* inspection, the trial court determined that the incident report was confidential and, therefore, not subject to discovery or introduction into evidence pursuant to R.C. 2305.251. ODA timely appeals the trial court's decision.

By its first assignment of error, ODA argues that the Franklin County Court of Common Pleas did not have subject matter jurisdiction over Parro's motion to quash, as no statutory or other authority exists to bring such a motion.

By contrast, Parro argues that the jurisdiction of the Franklin County Court of Common Pleas is found by "necessary implication" in the statutory enactments.

■ It is axiomatic that subject matter jurisdiction cannot be waived, cannot be conferred upon a court by agreement of the parties, and may be the basis for *sua sponte* dismissal. *Logan v. Vice* (1992), 79 Ohio App.3d 838, 842, 608 N.E.2d 786, 788; *In re Claim of King* (1980), 62 Ohio St.2d 87, 89, 16 O.O.3d 73, 74, 403 N.E.2d 200, 201. Further, a challenge to a court's subject matter jurisdiction may be made for the first time on appeal in a reviewing court. *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379, paragraph five of the syllabus.

The statute at issue, R.C. 173.20(H), provides:

"The state ombudsman, with the approval of the director of aging, may issue a subpoena to compel any person he reasonably believes may be able to provide information to appear before him or his designee and give sworn testimony and to produce documents, books, records, papers, or other evidence the state ombudsman believes is relevant to the investigation. On the refusal of a witness to be sworn or to answer any question put to him, or if a person disobeys a subpoena, the ombudsman shall apply to the Franklin county court of common pleas for a contempt order, as in the case of disobedience of the requirements of a subpoena issued from the court, or a refusal to testify in the court."

We find no statutory authority to support Parro's filing of the motion to quash the subpoena. The language of the statute is clear. The state ombudsman has authority to issue a subpoena as part of his or her investigatory authority and, if the subpoena is disobeyed, he or she may apply for a contempt order from the Franklin County Court of Common Pleas. The General Assembly has clearly directed the mechanism by which the jurisdiction of the common pleas court is invoked, that is, by the state ombudsman filing an application for contempt. No section of the Ohio Revised Code provides a forum for a deponent to file a motion to quash a subpoena served pursuant to R.C. 173.20(H). In the instant case, no contempt order was filed by the state ombudsman; instead, Parro filed a motion to quash the subpoena. The statute clearly does not contemplate such an action. If the General Assembly had intended that a long-term care provider be permitted to file a motion to quash in response to a subpoena issued by the state ombudsman in order to invoke the jurisdiction of the common pleas court, it could have incorporated such language into the statute. Inasmuch as the legislature chose not to include such language in the statute, it must be presumed that it did not intend such an action. Under such circumstances, this court is not disposed to supply such intent where none exists by statute.

Furthermore, as previously noted, the Summit County Court of Appeals reviewed the instant matter and determined that no statutory or other authority exists to bring the motion to quash in any state court. *In re Investigation of Laplow, supra.* Specifically, the court stated:

" * * * We find that the Civil Rules and R.C. Chapter 173 do not provide for a motion to quash as an original action. R.C. 173.20 confers jurisdiction only to hear motions for contempt to enforce a state ombudsman's subpoena. There is no statutory provision for a motion to quash in this context. Thus, the only potential origin for such an action would be the Civil Rules.

"Civ.R. 2 provides that under the Civil Rules there is only one form of action, which is a civil action. Civ.R. 3(A) requires that a civil action is commenced with the filing of a complaint. In this case, the action was commenced with the filing of a motion to quash a subpoena issued in an administrative investigation. This motion to quash is not a 'complaint' to which the Civil Rules apply. It is true that Civ.R. 26(C) allows for a protective order to be sought by a party who is faced with a subpoena which he believes is improper, but this rule also requires that the protective order be sought in 'the court in which the action is pending.' In this case, there was no pending action when the motion to quash was filed. Thus, Parro's motion is improper under the Civil Rules. As there is no statutory authority to bring a motion to quash a state ombudsman's subpoena in this, or any court in Ohio, the trial court erred in exercising its jurisdiction on this matter." *Id.*, 87 Ohio App.3d at 61, 621 N.E.2d at 861.

Similarly, in *Ohio Environmental Protection Agency v. Ross Incineration Serv., Inc.* (1989), 63 Ohio App.3d 648, 579 N.E.2d 758, the Lorain County Court of Appeals employed similar reasoning based on the Civil Rules to find that Ross Incineration Services' motion to quash an administrative search warrant issued by the Environmental Protection Agency was an improper vehicle to seek a remedy unless brought in conjunction with a pending action. The court stated:

"Ross did not file the motion to quash pursuant to any pending action. Civ.R. 3(A) requires a complaint be filed with the court in order to commence a civil action. Civ.R. 7 distinguishes between a complaint and a motion. A motion to quash is not a substitute for commencing an action such as a declaratory judgment or injunctive relief. * * *" *Id.* at 651, 579 N.E.2d at 760.

Thus, we adopt the reasoning of the Summit County Court of Appeals and conclude that no statutory or other authority exists to allow Parro to bring a motion to quash a state ombudsman's subpoena in any court in Ohio.

Parro argues that unless his motion to quash is allowed, he could be subjected to sanctions appropriate under Civ.R. 37(D) and, thus, his protective action permits the court to decide the merits. We find Parro's argument unpersuasive

for two reasons. First, this issue was addressed in *In re Investigation of Laplow, supra,* wherein the court noted, for example, that Civ.R. 26(C) allows for a protective order by a party faced with a subpoena only when the order is sought in "the court in which the action is pending." Similarly, Civ.R. 37(D) does not apply unless an action is pending. See Civ.R. 37(A)(1) (a "motion for an order to a party or a deponent shall be made to the court in which the action is pending").

Furthermore, contrary to Parro's assertion, R.C. 173.20(H) does not mandate that he wait to be found in contempt before initiating a challenge to the subpoena. There appears no language in the statute that would preclude Parro from challenging the subpoena once the ODA's application for contempt is filed. Once this occurs, a hearing to show cause why Parro should not be held in contempt for failure to comply with the subpoena could be held at which time Parro could submit evidence as to why he should not be required to produce the incident report. Thereafter, if the court determines at such hearing that Parro must produce the incident report and he fails to do so, only then would he be subject to sanctions. Therefore, *if* Parro could be subject to Civ.R. 37(D) sanctions prior to the time a complaint is filed and there is "pending action," he would not be subject to those sanctions until after he has had an opportunity to present his case at a hearing on the merits and after he has been found in contempt for failure to comply with the court's order to produce the incident report.

Accordingly, we find that the Franklin County Common Pleas Court had no jurisdiction to entertain Parro's motion to quash the subpoena and should have dismissed his claim. ODA's first assignment of error is well taken.

Based on our finding on the first assignment of error, this court is without jurisdiction to consider the merits of ODA's claim raised in the second assignment of error. Accordingly, the second assignment of error is rendered moot.

For the foregoing reasons, the first assignment of error is sustained, the second assignment of error is moot, the judgment of the Franklin County Court of Common Pleas is reversed, and the order is vacated.

*Judgment reversed*
*and cause remanded.*

Tyack and Close, JJ., concur.