**In re POLEN.**

[Cite as *In re Polen* (1996), 108 Ohio App.3d 305.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE08–967.

Decided Jan. 16, 1996.

*White, Getgey & Meyer Co., L.P.A.,* and *Frank R. Recker,* for appellant, David E. Polen, D.C.

*Betty D. Montgomery,* Attorney General, and *Elizabeth Y. Collis,* Assistant Attorney General; and *Michael R. Moran,* for appellee, Ohio State Board of Chiropractic Examiners.

HOLMES, Judge.

This is an appeal from the judgment of the Franklin County Court of Common Pleas, which concluded that it had no jurisdiction in the matter. On or about April 20, 1995, the Ohio State Board of Chiropractic Examiners issued an investigation subpoena *duces tecum,* to David E. Polen, D.C., summoning him to appear for a deposition to be conducted on May 24, 1995, and to produce all records relating to several of his patients.

On May 25, 1995, Dr. Polen filed a motion to quash with the Franklin County Court of Common Pleas. The board subsequently filed a memorandum in opposition to Polen's motion to quash, to which Polen filed a reply on June 26, 1995. The common pleas court rendered its decision on July 6, 1995, finding that the court lacked jurisdiction to hear the motion because no complaints or administrative appeal had been filed in the court and that a chiropractor is not a physician for the purposes of invoking the physician-patient privilege, pursuant to R.C. 2317.02.

Appellant appeals, setting forth the following assignments of error:

"A. The court erred in finding that it lacked jurisdiction to hear the appellant's motion to quash because to deny jurisdiction would be to negate the force and effect of the subpoena issued by the board.

"B. The trial court erred in finding that the board's subpoena did not constitute an actionable invasion of a patient's right to privacy."

The main statute to be considered here is R.C. 4734.10(B), which states:

"For the purpose of investigation of possible violations of this section, the board may administer oaths, order the taking of depositions, issue subpoenas, and compel the attendance of witnesses and the production of books, accounts, papers, records, documents, and testimony."

Appellant points out that the statute grants authority to the board to issue subpoenas in the course of an investigation, but that the statute is silent as to the enforcement of a subpoena issued under the statute. Appellant also points out that the Civil Rules do not apply to the procedures before state agencies and adjudicatory proceedings, so the Civil Rules cannot be looked to for any provisions for the enforcement of a subpoena issued by a board of examiners under R.C. 4734.10(B). Appellant then argues that there must be a manner in which the board may enforce its orders of subpoena, since otherwise, a subpoena issued by the board would be without force or effect. Since the board has subpoena powers, it must also have the implied authority to enforce a subpoena issued under R.C. 4734.10(B), and thus, argues the appellant, the board must also have authority to quash a subpoena issued under that section. Therefore, argues appellant, despite the fact that neither the statute nor the Civil Rules expressly grant the court of common pleas jurisdiction over a motion to quash an administrative subpoena, the common law would support jurisdiction so as to give the subpoena the force of law.

The state responds that the court of common pleas lacks specific subject matter jurisdiction to hear appellant's motion to quash, since there was no case or appeal pending, and that no complaint or notice of an administrative appeal had been filed with the court of common pleas. The state cites the recently decided case of the Tenth District Court of Appeals, *In re Investigation of Laplow* (1994), 96 Ohio App.3d 386, 645 N.E.2d 103, wherein this court held that the common pleas court lacks subject matter jurisdiction to hear a motion to quash a subpoena in an administrative investigation. This court in *Laplow,* a case dealing with a subpoena issued by the Ohio Department of Aging, stated: "We find no statutory authority to support Parro's filing of the motion to quash the subpoena." *Id.* at 389, 645 N.E.2d at 105. The court, quoting the Summit County Court of Appeals in *In re Investigation of Laplow* (1993), 87 Ohio App.3d 59, 621 N.E.2d 860, further stated:

" 'We find that the Civil Rules and R.C. Chapter 173 do not provide for a motion to quash as an original action. R.C. 173.20 confers jurisdiction only to hear motions for contempt to enforce a state ombudsman's subpoena. There is no statutory provision for a motion to quash in this context. Thus, the only potential origin for such an action would be the Civil Rules.

" 'Civ.R. 2 provides that under the Civil Rules there is only one form of action, which is a civil action. Civ.R. 3(A) requires that a civil action is commenced with the filing of a complaint. In this case, the action was commenced with the filing of a motion to quash a subpoena issued in an administrative investigation. This motion to quash is not a "complaint" to which the Civil Rules apply. It is true that Civ.R. 26(C) allows for a protective order to be sought by a party who is

faced with a subpoena which he believes is improper, but this rule also requires that the protective order be sought in "the court in which the action is pending." In this case, there was no pending action when the motion to quash was filed. Thus, Parro's motion is improper under the Civil Rules. As there is no statutory authority to bring a motion to quash a state ombudsman's subpoena in this, or any court in Ohio, the trial court erred in exercising its jurisdiction on this matter.'" *Id.* at 390, 645 N.E.2d at 105, quoting *Laplow* (1993), 87 Ohio App.3d at 61, 621 N.E.2d at 861.

■ In the instant case, like *Laplow,* no complaint was filed in the trial court. The action was commenced with the filing of the motion to quash the subpoena issued by the court. As in *Laplow,* there is no statutory authority which authorized or supported Polen's motion to quash. Therefore, appellant's first assignment of error is overruled.

■ In appellant's second assignment of error, he asserts that the trial court erred in finding that the board's subpoena did not constitute an actionable invasion of the patient's right to privacy. The trial court found that even if the court did have jurisdiction, a chiropractor is not a physician for the purposes of invoking the patient-physician privilege pursuant to R.C. 2317.02(B)(5).

R.C. 2317.02 defines what communications are confidential and who may not testify in certain instances. By the clear language of R.C. 2317.02, the physician-patient privilege does not apply to chiropractors:

"The following persons shall not testify in certain respects:

" * * *

"(B)(1) A physician or a dentist concerning a communication made to him by his patient in that relation or his advice to his patient * * *."

R.C. 2317.02(B)(5) provides:

"Divisions (B)(1), (2), (3), and (4) of this section apply to doctors of medicine, doctors of osteopathic medicine, doctors of podiatric medicine, and dentists."

Therefore, by the clear language of these sections of law, the physician-patient privilege does not apply to chiropractors. There exists no statutory chiropractor-patient privilege against disclosure of confidential communications. Therefore, the trial court was correct in this regard, and we hereby overrule appellant's second assignment of error.

Based upon all the foregoing, appellant's assignments of error are hereby overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.