OPINION
Defendant-appellant Harvey Daniel Jr., acting pro se, appeals from a decision dismissing on res judicata grounds his motion to vacate a judgment from 1994, and ordering him to pay plaintiff-appellee Levon Mann, Sr., attorney fees in the amount of $415 as a sanction for frivolous conduct. Daniel argues that the trial court erred in ruling as it did because the federal bankruptcy court, rather than the state trial court, had jurisdiction over the controversy before it. We conclude that the trial court properly dismissed Daniel's motion to vacate on resjudicata grounds. Accordingly, the judgment of the trial court isAffirmed.
 I
In April, 1994, Mann filed a Complaint in Forcible Entry and Detainer and Demand for Money Judgment against Daniel, alleging that Daniel was illegally occupying premises that Mann had purchased from Daniel's bankruptcy trustee, Ruth Stiver-Slone. The premises had formerly belonged to Daniel. Daniel filed an answer in which he alleged, among other things, that the bankruptcy court had jurisdiction over the issues raised in Mann's complaint, and, therefore, the trial court lacked jurisdiction to rule on the controversy. On August 4, 1994, the trial court rendered summary judgment in favor of Mann, awarding him $3,206.42.
Daniel did not appeal from the summary judgment rendered against him. However, in December, 1994, Daniel filed a motion seeking to vacate the August 4, 1994 summary judgment, once again arguing, among other things, that the bankruptcy court had exclusive jurisdiction over the matter, so that the trial court was without jurisdiction to rule on the issues raised in Mann's complaint. After holding a hearing on the matter, the trial court overruled Daniel's motion in June, 1995. Daniel appealed to this court from that decision. However, in November, 1996, we dismissed Daniel's appeal upon the ground that he had failed to prosecute it. Daniel did not appeal from our decision dismissing his appeal.
On August 4, 1999, Daniel filed another motion seeking to vacate the August 4, 1994 judgment on the same or similar grounds advanced in his earlier motion to vacate. Mann responded by asking the trial court to overrule Daniel's motion and to impose sanctions against Daniel pursuant to R.C. 2323.51(B). After holding a hearing on the matter, the trial court issued an order overruling Daniel's motion to vacate. The trial court also found Daniel's conduct in bringing the second motion to vacate to be frivolous, and scheduled a separate hearing to determine the proper amount of sanctions. On December 13, 1999, the trial court awarded Mann attorney fees in the amount of $415, plus interest and costs.
Daniel appeals from the trial court's judgment overruling his motion to vacate the August 4, 1994 judgment, and imposing sanctions against him for frivolous conduct.
 II
Daniel's assignments of error state as follows:
I. THE TRIAL COURT LACKED JURISDICTION TO HEAR THIS MATTER.
 II. THE TRIAL COURT ERRORED (sic) IN NOT VACATING THE SUMMARY JUDGMENT WHEN THE JUDGMENT WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
 III. THE TRIAL COURT ERRORED (sic) IN GRANTING OF SUMMARY JUDGMENT AS A MATTER OF LAW.
 IV. THE TRIAL COURT ERRORED (sic) IN NOT VACATING THE SUMMARY JUDGMENT BECAUSE OF THE DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT TO U.S. CONSTITUTION.
 V. THE TRIAL COURT ERRORED (sic) GRANTING SANCTION (sic) AGAINST DEFENDANT-APPELLANT WHEN THE TRIAL COURT LACKS JURISDICTION IN THIS MATTER.
 VI. THE TRIAL COURT ERRORED (sic) IN OVERRULING APPELLANT'S MOTION TO VACATE THE JUDGMENT SIGHTING (sic) THAT THE MOTION WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
Daniel's six assignments of error require us to determine whether the trial court erred by overruling his motion to vacate the trial court's August 4, 1994 judgment on res judicata grounds. Daniel essentially argues that because the bankruptcy court, rather than the trial court, had jurisdiction to rule on the dispute between the parties in 1994, the trial court's August 4, 1994 judgment is void and should have been vacated, and no sanctions should have been imposed upon him for frivolous conduct. We disagree.
The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Id. at syllabus. See, also, Black's Law Dictionary (6th Ed. 1990) 1305 (defining res judicata as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action."). Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." Krahn v. Kinney (1989), 43 Ohio St.3d 103,107.
Here, Daniel never filed a direct appeal from the trial court's August 4, 1994 judgment. Daniel did bring an appeal from the trial court's denial of his motion to vacate the August 4, 1994 judgment, which the trial court properly treated as a Civ.R. 60(B) motion for relief from judgment. However, a Civ.R. 60(B) motion cannot be used as a substitute for appeal. State ex rel.Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192. Furthermore, Daniel failed to prosecute his appeal from the trial court's denial of his first motion to vacate the August 4, 1994 judgment. Consequently, the August 4, 1994 judgment became final, and constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.
Daniel essentially argues that the August 4, 1994 judgment was not "rendered by a court of competent jurisdiction," since the bankruptcy court, rather than the trial court had jurisdiction over the dispute between the parties. However, it is axiomatic that absent a patent and unambiguous lack of jurisdiction a court has jurisdiction to determine its own jurisdiction. State ex rel.Pearson v. Moore (1990), 48 Ohio St.3d 37, 38. Here, Daniel raised the jurisdictional issue in his answer and in his initial motion to vacate the August 4, 1994 judgment. Daniel failed to prosecute a successful appeal from the trial court's August 4, 1994 judgment or its denial of his initial motion to vacate. Consequently, Daniel is barred from relitigating the jurisdictional issue. This principle is known as the "bootstrap doctrine," and it precludes a jurisdictional challenge after a final judgment. The bootstrap doctrine is premised on the aforementioned rule that every court has jurisdiction to decide its own jurisdiction, and provides that:
 [w]hen a court has jurisdiction to decide an issue, it has power to decide wrongly as well as rightly. Even if its decision in favor of its jurisdiction is erroneous, it is valid. It may be reversed on appeal, but if an appeal is not taken, the decision stands, and is binding. The second half of the bootstrap doctrine premises that any unappealed decision is res judicata in subsequent litigation.
Sturgill v. Sturgill (1989), 61 Ohio App.3d 94, 101.
Furthermore, this case is distinguishable from those which have held that the question of subject matter jurisdiction cannot be waived, and, therefore, can be raised even where a party has failed to raise the issue in the trial court. See, e.g., In reClaim of King (1980), 62 Ohio St.2d 87. Here, Daniel did raise the jurisdictional issue in the trial court, thereby submitting that issue to the trial court for determination. The trial court's determination of the jurisdictional issue, adversely to Daniel, became final when Daniel failed to prosecute a successful appeal from the August 4, 1994 judgment, or, at the latest, from the trial court's order overruling his initial motion to vacate the August 4, 1994 judgment. Allowing a party like Daniel to resurrect the issue of whether the trial court had jurisdiction to rule on a matter before it after a final determination has been reached on that issue would permit an endless series of challenges on the issue of jurisdiction.
In light of the foregoing, Daniel's First, Second, Third, Fourth, Fifth, and Sixth Assignments of Error are overruled.
We conclude that the trial court did not err in finding that Daniel's second motion to vacate the judgment against him was frivolous. Consequently, it did not err in awarding attorney's fees, in the amount of $415, against Daniel.
 III
All of Daniel's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.