OPINION
This is an appeal of a decision of the Carroll County Court of Common Pleas vacating a prior decision of the Ohio Civil Rights Commission ("the Commission"). R.C. § 4112.06, which allows a party to appeal a decision of the Commission to the court of common pleas, does not give the court of common pleas any authority to rule on the ultimate issues in the case until the filing of the record. The Commission did not file the record in this case prior to the common pleas court's determination. Therefore, the court of common pleas did not have the power to render its decision. The judgment of the common pleas court is hereby vacated and the case is remanded for further proceedings.
On April 5, 2001, the Commission filed a Cease and Desist Order in favor of Shann T. Chance in a dispute over unlawful retaliation by her employer, the Village of Malvern ("Malvern"), related to charges of sexual harassment. Malvern filed a Petition for Review of Commission Order in the Carroll County Court of Common Pleas on May 7, 2001.
On August 8, 2001, the common pleas court filed a judgment entry ordering the Commission to file the transcript of the record by September 10, 2001. The judgment entry also stated that if the record was not filed by that date, the court would sua sponte vacate the April 5, 2001, Cease and Desist Order.
On September 11, 2001, the common pleas court filed a judgment entry vacating, with prejudice, the April 5, 2001, Cease and Desist order, thereby rendering judgment in favor of Malvern.
On October 10, 2001, the Commission filed an appeal of the September 11, 2001, judgment to this Court. The Commission has raised on appeal the issue as to whether the court of common pleas had subject matter jurisdiction to order the dismissal of the April 5, 2001 Cease and Desist Order.
The issue of subject matter jurisdiction may be raised at any stage of the proceedings, and may be raised for the first time during appeal. Inre Byard (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735.
The court of common pleas has appellate jurisdiction over a decision of the Commission. State ex rel. Toledo Metro Fed. Credit Union v. OhioCiv. Rights Comm. (1997), 78 Ohio St.3d 529, 530, 678 N.E.2d 1396. Administrative appeals to a court of common pleas are generally governed by R.C. § 119.12, which states, in pertinent part:
"Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13
of the Revised Code, the agency shall prepare and certify to the court acomplete record of the proceedings in the case. Failure of the agency tocomply within the time allowed, upon motion, shall cause the court toenter a finding in favor of the party adversely affected. * * *" (Emphasis added.)
The Ohio Supreme Court has ruled that appeals of orders of the Commission are governed by R.C. § 4112.06, and not by R.C. §119.12. Plumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civ.Rights Comm. (1981), 66 Ohio St.2d 192, 195, 20 O.O.3d 200, 421 N.E.2d 128. "[T]he Court of Appeals erred in requiring the commission to adhere to the strict time limit of R.C. § 119.12. Absent a specific reference to R.C. Chapter 119, the directory language of R.C. §§ 4112.06(B) and (I) provides the applicable, although uncertain, standard to determine whether the commission timely certified the record of the Court of Common Pleas." Id.; see also Baltimore Ravens, Inc. v. Self-Insuring Emp.Evaluation Bd. (2002), 94 Ohio St.3d 449, 459, 2002-Ohio-1362.
The following sections of R.C. § 4112.06 explain how a court of common pleas obtains jurisdiction over a decision by the Commission:
"(A) Any complainant, or respondent claiming to be aggrieved by a finalorder of the commission, including a refusal to issue a complaint, mayobtain judicial review thereof, and the commission may obtain an order of court for the enforcement of its final orders, in a proceeding as provided in this section. Such proceeding shall be brought in the commonpleas court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission's order was committed or wherein any respondent required in the order to cease and desist from an unlawful discriminatory practice or to take affirmative action resides or transacts business.
"(B) Such proceedings shall be initiated by the filing of a petition incourt as provided in division (A) of this section and the service of a copy of the said petition upon the commission and upon all parties who appeared before the commission. Thereupon the commission shall file withthe court a transcript of the record upon the hearing before it. The transcript shall include all proceedings in the case, including all evidence and proffers of evidence. The court shall thereupon havejurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief, restraining order, or other order as it deems just and proper and to make and enter, upon the record and such additional evidence as the court has admitted, an order enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the commission or remanding for further proceedings. * * *
"(I) All suits brought under this section shall be heard and determined as expeditiously as possible." (Emphasis added.)
Where a right of appeal to the court of common pleas is conferred by statute, strict adherence to the statutory conditions is essential to invoke the jurisdiction of the court. In re Claim of King (1980),62 Ohio St.2d 87, 88, 403 N.E.2d 200.
In light of Plumbers Steamfitters Joint Apprenticeship Commt., R.C. § 4112.06 clearly governs the outcome of this case, rather than the procedure described in R.C. § 119.12.
The plain language of the statute indicates that a court of common pleas does not obtain complete control over an appeal of a decision by the Commission until the Commission files its record. "[T]he commission shall file with the court a transcript of the record * * *. The court shallthereupon have jurisdiction of the proceeding." (Emphasis added.) R.C. § 4112.06(B). The statute does not require the Commission to file the record in any particular amount of time, although the Commission is required to proceed, "as expeditiously as possible." R.C. §4112.06(I); Plumbers Steamfitters Joint Apprenticeship Commt., supra, at 196, 20 O.O.3d 200, 421 N.E.2d 128. Furthermore, the statute provides no consequences arising out of the Commission's failure to file the record.
R.C. § 4112.06 presents an unusual situation in which the court of common pleas is given some limited jurisdiction over an administrative appeal by the very filing of the appeal, but is not given full authority to render a judgment until a complete record is filed. It would appear that the court of common please may make ministerial decisions related to such an appeal prior to the filing of the record, but nothing more than that. While we sympathize with the common pleas court's frustration at the apparent dilatory actions of the Commission, which clearly failed to promptly file the record in this matter, the common pleas court's actions here penalized Appellee, who had no control over the record in this type of appeal. Pursuant to R.C. § 4112.06(B), although the court of common pleas had minimal jurisdiction over the appeal, it had no power to vacate the order of the Commission and render judgment in favor of Appellant.
For the aforementioned reasons, we hold that the Carroll County Court of Common Pleas acted ultra vires by issuing a final judgment in Appellant's administrative appeal, prior to receiving the record from the Commission. The September 11, 2001, judgment is vacated, and the case is remanded for further proceedings consistent with this Opinion. Should resort to other measures become necessary, other options, such as contempt or the filing of special writs, are available to the parties if the Commission continues to be remiss in its duty to file the record herein.
Vukovich, P.J., and DeGenaro, J., concur.