[Cite as *Luton v. Ohio Unemp. Revision Comm.*, 2012-Ohio-3963.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97996

# BRYAN LUTON

PLAINTIFF-APPELLANT

vs.

# STATE OF OHIO UNEMPLOYMENT REVISION COMMISSION, ETC., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-766212

**BEFORE:** E. Gallagher, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Bryan Luton, pro se
3764 East 127th Street
Cleveland, Ohio   44105


**ATTORNEYS FOR APPELLEES**

Mike DeWineAttorney General of Ohio
State Office Tower
30 E. Broad Street, 17th FloorColumbus, OH 43215-3428
Laurel Blum Mazorow
Laurence R. Snyder
Assistant Attorney Generals
State Office Building, 11th Floor
615 W. Superior Avenue
Cleveland, Ohio   44113-1899

EILEEN A. GALLAGHER, J.:

{¶1} Bryan Luton appeals from the decision of the trial court dismissing his administrative appeal from the Ohio Unemployment Review Commission ("Review Commission"). Luton argues the trial court erred when it found he did not comply with the requirements of R.C. 4141.282 in filing his appeal. For the following reasons, we affirm the decision of the trial court.

{¶2} This is an administrative appeal from the Review Commission pursuant to R.C. 4141.282. On June 27, 2011, the Review Commission denied Luton's unemployment benefits, finding that he was discharged from employment with LNE & Associates, LLP ("Employer") for just cause in connection with work. Luton sought review of the Revision Commission's decision, which was denied.

{¶3} On October 7, 2011, Luton filed a notice of appeal in the Cuyahoga County Court of Common Pleas. In filing the appeal, Luton named the Review Commission, Michael B. Colbert, Director of the Ohio Department of Job and Family Services and Robert Wachunas, the hearing officer for the Review Commission; he did not name his former employer, LNE & Associates, LLP.

{¶4} On October 31, 2011, the Director of the Ohio Department of Job and Family Services (Director) filed a motion to dismiss Luton's appeal. In its motion, the Director argued that Luton failed to follow the mandates of R.C. 4141.282(D) when he

failed to name all interested parties in his notice of appeal, i.e., his former employer. Luton opposed the motion. However, on January 24, 2012, the common pleas court granted the Director's motion finding as follows:

> Pending before the court is a motion to dismiss filed by appellee Ohio Unemployment Compensation Review Commission. The Commission argues that the court does not have the subject matter jurisdiction to hear appellant Bryan Lutton's [sic] appeal because h[e] failed to name all interested parties in his notice of appeal to the court as required by R.C. 4141.282(D). Mr. Lutton [sic] opposed the motion positing numerous arguments as to why the court has the jurisdiction to hear his appeal. The arguments advanced by Mr. Lutton [sic] lack merit because the requirement that a claimant name all interested parties in his notice of appeal is mandatory, and his failure to strictly comply with the terms of statute deprive the court of subject matter jurisdiction to hear his appeal. *See Sydenstricker v. Donato's Pizzeria*, 11th Dist. No. 2009-L-149, 2010-Ohio-2953, 2010 WL 2557705. Upon review of the notice of appeal, Mr. Lutton [sic] failed to name [h]is employer, LNE & Associates LLP, an interested party to this appeal. Accordingly, appellee State of Ohio Unemployment Compensation Review Commission Motion to Dismiss (filed 10/31/2011) is granted.

{¶5}   Luton appeals, raising the three assignments of error contained in the appendix to this opinion. In the assigned errors, Luton sets forth various arguments as to why the trial court erred in dismissing his administrative appeal. As such, these assigned errors shall be addressed contemporaneously.

{¶6}   The Supreme Court of Ohio, in *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus, held:

> An appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements.

**{¶7}** The court further held: "[c]ompliance with these specific and mandatory requirements governing the filing of such notice is essential to invoke jurisdiction of a Court of Common Pleas. * * *" *Id.*, at paragraph two of the syllabus.

**{¶8}** The Supreme Court of Ohio, when deciding *In re Claim of King,* 62 Ohio St.2d 87, 88, 403 N.E.2d 200 (1980), relied upon *Zier* in determining that a party appealing a decision of the Unemployment Compensation Board of Review to the court of common pleas is required to follow the statutory requirements. The appellee in *King* failed to adhere to the statutory mandate of former R.C. 4141.28(O), requiring "that the party appealing serve all other interested parties with notice." The appellee did not file a copy of the notice of appeal with the administrator of the Ohio Bureau of Employment Services nor did he name the administrator as a party to his appeal. *Id.* The appellee also failed to name his employer as a party to the appeal. *Id.* The court found that the appellee failed to follow the directives of the statute, thus the court of common pleas lacked subject matter jurisdiction. *Id.* The court reiterated that "where a statute confers a right of appeal, as in the instant cause, strict adherence to the statutory conditions is essential for the enjoyment of the right." *Id. See also Sydenstricker.*

**{¶9}** In the present case, the pertinent portion of R.C. 4141.282, the statute governing the appeal process involved herein, states as follows:

> (D) The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal.

**{¶10}** The Review Commission complied with R.C. 4141.282(D), stating in its September 7, 2011 correspondence to Luton:

APPEAL RIGHTS

An appeal from this decision may be filed to the Court of Common Pleas of the county where the appellant, if an employee, is a resident or was last employed * * * within thirty (30) days from the date of mailing of this decision, as set forth in Section 4141.282, Revised Code of Ohio. The appellant must name all interested parties as appellees in the notice of appeal, including the Director of Job and Family Services.

**{¶11}** The Review Commission also listed his former employer, LNE & Associates, his former employer's address, and the address for the Director of the Department of Job and Family Services.

**{¶12}** The statute at issue unequivocally states that Luton must name all interested parties as appellees in the notice of appeal. Luton's failure to name his former employer in his notice of appeal means that he did not comply with the mandatory requirements of R.C. 4141.282(D).

**{¶13}** In response, Luton argues that he substantially complied with the requirements of R.C. 4141.282, that R.C. 4141.282(C) requires only a timely-filed notice of appeal to vest jurisdiction with the court of common pleas, and that the *Sydenstricker* court relied upon an outdated subsection of the revised code, Section 4141.28(O), which is no longer present in the current section. We disagree with each of Luton's arguments.

**{¶14}** Luton's claim that R.C. 4141.282(C) requires only a timely-filed notice of appeal to vest jurisdiction ignores the remaining portions of the statute. Contrary to

Luton's assertions, the timely filing of an incorrect notice of appeal does not vest the court of common pleas with jurisdiction. *See Sydenstricker,* R.C. 4141.282(C). In the present case, Luton admits that he failed to name his former employer in his notice of appeal; as such, he failed to comply with the mandatory requirements of R.C. 4141.282(D).

{¶15} Next, Luton's argument that he substantially complied with the requirements of R.C. 4141.282 has been specifically dealt with and overruled by the *Sydenstricker* court. In *Sydenstricker,* the appellee named only her former employer in her notice of appeal, not the Director of the Ohio Department of Job and Family Services or the Unemployment Compensation Review Commission. That court cited to *Zier* and *In re Claim of King* to reject this argument, holding that failure of a party to strictly comply with the statutory requirements will cause the appeal to be dismissed for lack of jurisdiction.

{¶16} Additionally, Luton claims that the court in *Sydenstricker* relied on a statute that has been amended and is no longer controlling law. Specifically, he claims that the court relied on R.C. 4141.28(O), rather than the current statute, R.C. 4141.282(D). This argument lacks merit as a plain reading of *Sydenstricker,* clearly reveals that the court referred to R.C. 4141.282(D) in holding that an incorrect notice of appeal does not vest jurisdiction in the court of common pleas.

{¶17} Luton also cites to a series of cases involving appeals from the Industrial Commission of Ohio in support of his arguments. These cases are distinguishable from

the present case as they involve differing procedural requirements and statute sections.

**{¶18}** Lastly, Luton argues that the trial court erred in denying him the right to amend his administrative appeal to name his former employer. However, a review of the record reveals that Luton failed to raise this argument until this appeal. As such, he has waived all but plain error. We decline to find plain error in this case. *Hudson v. P.I.E. Mut. Ins. Co.,* 10th Dist. No. 10AP-480, 2011-Ohio-908.

**{¶19}** Based on Luton's failure to follow the statutory mandates of R.C. 4141.282(D), the Cuyahoga County Court of Common Pleas lacked jurisdiction and, therefore, it was not error for the court to grant the Director's motion to dismiss.

**{¶20}** Luton's first, second and third assignments of error are overruled.

**{¶21}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and

MARY EILEEN KILBANE, J., CONCUR

**Appendix**

**Assignments of Error:**

**"I.   The trial court erred in granting the appellees' motion to dismiss by misapplying the 11th district court of appeals' decision in *Sydenstricker v. Donato's Pizzeria,* 11th Dist. No. 2009-L-149, 2010-Ohio-2953, 2010 WL 2557705, and, thus, relied on R.C. 4141.282(O) which has been amended and is no longer a governing statute.**
**II.   The trial court erred in granting the appellees' motion to dismiss for failure to strictly comply with R.C. 4141.282.**

**III. The trial court erred in granting the appellees' motion to dismiss and in failing to grant appellant leave to amend his notice of appeal."**