THE BERNARD GROUP et al., Appellees,

v.

NEW HOPE ALTERNATIVE THERAPY RESEARCH, Appellant.

[Cite as *The Bernard Group v. New Hope Alternative Therapy
Research*, 153 Ohio App.3d 393, 2003-Ohio-4195.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82391.

Decided Aug. 7, 2003.

Gary L. Lieberman, for appellees.

Susan M. Gray, for appellant.

SEAN C. GALLAGHER, Judge.

{¶ 1} Appellant New Hope Alternative Therapy Research ("New Hope") appeals from the judgment of the Cuyahoga County Court of Common Pleas that denied its motion for relief from a default judgment. For the reasons that follow, we vacate the default judgment entered by the trial court.

{¶ 2} The following facts are in the record before this court on appeal.[1] On March 20, 2001, appellees The Bernard Group, Melvin S. Ross, and Daryl B. Ross (collectively "The Bernard Group") filed an amended complaint in forcible entry and detainer against New Hope and Ronald Rooy in the Cleveland Municipal Court.[2] The Bernard Group alleged in the amended complaint that New Hope was in breach of its lease agreements with The Bernard Group for failure to pay rent. However, after the parties failed to appear for a pretrial in the matter, the municipal court dismissed the action for want of prosecution on May 1, 2001.

{¶ 3} On June 15, 2001, The Bernard Group filed the instant action against New Hope alleging a breach of the same lease agreements for failure to pay rent. The trial court entered a default judgment in the amount of $31,770.01 against New Hope on November 9, 2001. New Hope filed a motion for relief from judgment, which the trial court denied without a hearing. New Hope also filed a motion to reconsider, which was denied by the trial court.

{¶ 4} New Hope appeals from the judgment of the trial court to deny its motion for relief from judgment and asserts three assignments of error for this court's review. New Hope's first assignment of error provides:

{¶ 5} "1. The trial court lacked jurisdiction over the subject matter of the lawsuit at the time it entered default judgment against appellant, and, therefore, erred in overruling the appellant's motion to vacate the default judgment."

{¶ 6} New Hope argues that the default judgment should have been vacated because the trial court did not have subject-matter jurisdiction over the action. In support of this argument, New Hope claims that the trial court was without jurisdiction because the same matter already had been adjudicated by the Cleveland Municipal Court.

{¶ 7} The Bernard Group argues that New Hope failed to make an appearance to raise the defense of lack of subject-matter jurisdiction prior to the default judgment. The Bernard Group also claims that New Hope is barred from bringing any claims or defenses that could have been raised based on a subse-

---

1. The parties rely on several facts that are not in the record before this court and, therefore, will not be considered in this decision.

2. Cleveland Municipal Court case No. 01 CVG 01647.

quent settlement agreement that was entered during the execution of the judgment and collection proceedings.

{¶ 8} As an initial matter, it is well established that the defense of lack of subject matter jurisdiction can never be waived. *In re King* (1980), 62 Ohio St.2d 87, 16 O.O.3d 73, 403 N.E.2d 200. Objections based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings, *In re Byard* (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735, may be raised for the first time on appeal, *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379, paragraph five of the syllabus, or may be attacked collaterally, *State v. Shrum* (1982), 7 Ohio App.3d 244, 245, 7 OBR 323, 455 N.E.2d 531.

{¶ 9} Additionally, subject-matter jurisdiction may be challenged even after parties have reached a settlement agreement in open court that has been memorialized on the record and approved by the court. *Myers v. Clinebell* (May 14, 1999), Sandusky App. No. S–98–048, 1999 WL 300620. Indeed, it is well established that "parties may not, by stipulation or agreement, confer subject-matter jurisdiction on a court, where subject-matter jurisdiction is otherwise lacking." *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 358 N.E.2d 536. A judgment entered by a court that lacks subject-matter jurisdiction is void ab initio. *Myers v. Clinebell,* supra.

{¶ 10} Accordingly, we shall address New Hope's claim of lack of subject-matter jurisdiction in this appeal.

{¶ 11} The municipal court action was dismissed for lack of prosecution. The dismissal entry did not state that the dismissal was without prejudice. Pursuant to Civ.R. 41(B)(1) and (B)(3), a dismissal for lack of prosecution is "with prejudice" and operates as an adjudication on the merits unless the court expressly states otherwise in its order. *Myers v. Shaker Hts.* (June 7, 1990), Cuyahoga App. Nos. 57005 and 58056, 1990 WL 75236. Thus, the municipal court's dismissal of the action for want of prosecution was an adjudication on the merits, and The Bernard Group was barred from raising that claim again. See *State ex rel. Sliman v. Strongsville Mayor's Court* (Apr. 15, 1999), Cuyahoga App. No. 75136, 1999 WL 219898.

{¶ 12} The Bernard Group argues that this case contains at least one different cause of action, apparently referring to the breach-of-contract claim. A review of the complaints reflects that the two actions involved the identical claim. While the complaint in the present action stated a cause of action for both breach of lease and breach of contract, both causes of action were premised on New Hope's alleged failure to pay rent under the terms of the lease agreements. This is the same claim that formed the basis of the municipal court complaint, which was a

general complaint that did not specify causes of action. Additionally, the cases involved the identical parties and sought the same amount of damages.

{¶ 13} Since the identical claim was adjudicated on the merits by the municipal court, The Bernard Group was barred from bringing the instant case based on the doctrine of res judicata. See *State ex rel. Sliman,* supra. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. We therefore find that the trial court lacked subject-matter jurisdiction over the action and that the default judgment is void.

{¶ 14} We recognize that a trial court's decision to dismiss a case for lack of prosecution rests within its sound discretion. *Chalendar v. Ohio Dept. of Rehab. & Corr.,* Franklin App. No. 02AP–567, 2003-Ohio-39, 2003 WL 68017. However, when a trial court dismisses a case for lack of prosecution and does not state that it is without prejudice, a party with valid claims is subjected to the harsh result of not being able to refile its action. In the instant matter, we regrettably recognize that The Bernard Group is barred from pursuing its claims. We caution trial courts in the future to recognize the importance of the wording of their dismissals and attorneys in recognizing the importance of pursuing and preserving their clients' claims.[3]

{¶ 15} For the reasons next discussed, we find that New Hope's challenge to the court's ruling on the motion for relief from judgment is moot.

{¶ 16} New Hope's second and third assignments of error provide:

{¶ 17} "2. The trial court erred by failing to conduct an evidentiary hearing prior to overruling the appellant's motion to vacate the default judgment previously entered."

{¶ 18} "3. The trial court erred in denying the appellant's motion for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure."

{¶ 19} We have already determined that the trial court was without jurisdiction to enter the default judgment and that the judgment is void. New Hope's second and third assignments of error pertain to the trial court's denial of its motion for relief from judgment without a hearing.[4] A motion for relief from judgment

---

3. We further recognize that while a party may not file a subsequent action after its case has been dismissed for lack of prosecution with prejudice, a motion to vacate can be filed. See *Stroh v. Whitcomb* (Sept. 22, 2000), Portage App. No. 99–P–0002, 2000 WL 1371781.

4. We note that a trial court is not required to conduct a hearing under Civ.R. 60(B) where the facts are undisputed and the only dispute is over the application of the law to the facts.

pursuant to Civ.R. 60(B), however, alleges that the judgment is voidable, unlike a motion to vacate judgment, which alleges that the judgment is void. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941; see, also, *Myers v. Shaker Hts.*, supra (recognizing that Civ.R. 60[B] does not provide for a vacation of a void judgment). Moreover, a motion to vacate a void judgment does not need to comply with the requirements of Civ.R. 60(B). *Dorsey v. Ford Motor Co.* (May 18, 2000), Cuyahoga App. No. 75636, 2000 WL 640602.

{¶ 20} Although the proper motion was not filed by New Hope, the authority to vacate a void judgment constitutes an inherent power possessed by Ohio courts. *Patton*, 35 Ohio St.3d 68, 518 N.E.2d 941. Accordingly, because the default judgment entered by the trial court is void, this court vacates the judgment. See *Savage v. Goda* (Oct. 26, 2000), Cuyahoga App. Nos. 77473 and 77486, 2000 WL 1594574. New Hope's assigned errors are moot.

Judgment vacated
and cause remanded.

KENNETH A. ROCCO, A.J., and FRANK D. CELEBREZZE, JR., J., concur.

---

*Roberson v. J.B. Hunt Transp., Inc.*, Cuyahoga App. No. 81777, 2003-Ohio-1738, 2003 WL 1760212.