JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants Steve and Donna Halczysak ("Steve" or "Donna") and Forest City Used Cars (collectively referred to as "the Halczysaks") appeal from a jury verdict in favor of plaintiffs-appellees Mykola Pravitskyy ("Mykola") and Olga Yelagina (collectively referred to as "the Pravitskyys") in the amount of $8,596. The Halczysaks raise several assignments of error relating to decisions made by the trial court. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} A review of the record reveals the following facts: The Halczysaks are engaged in the business of selling used cars through their business, Forest City Used Cars. Donna is the owner and Steve is an employee and agent. Mykola is a car mechanic.
 {¶ 3} In April 2000, Mykola gave the Halczysaks approximately $10,000 toward the purchase of a used car. The Halczysaks also agreed that Mykola would be allowed to use their facilities to perform any repairs to the car if he would also fix cars for them at no charge.
 {¶ 4} Steve bought a wrecked Chevy S-10 Blazer and gave Mykola a receipt marked paid in full. However, Steve did not transfer title to Mykola, and, in fact, sold the vehicle to a third party. When questioned by Mykola, Steve said that he was going to get him a better car. Over the next few months, the Halczysaks purchased and sold several vehicles using Mykola's money. Mykola performed repairs on the cars but did not receive title to any of them.
 {¶ 5} The Halczysaks purchased a Honda Accord for approximately $3,000 to $3,500 and sold it to Mykola for $5,000, but refused to transfer title to him until he paid an additional $500. Because he had given them approximately $10,000 and had done numerous repairs free of charge, Mykola threatened to go to the police. The Halczysaks went to the Title Bureau, but once there, refused to transfer title until Mykola gave them more money. Mykola left the Title Bureau threatening legal action.
 {¶ 6} Mykola drove home in a 1994 Dodge Intrepid that Steve had loaned him. The Halczysaks came to Mykola's house to take the car back and repeat their demands for more money. He told them to leave and an argument ensued. Steve threatened to kill Mykola and then grabbed him and started to choke him, causing him to lose consciousness, and he came to, both Steve and Donna were punching and kicking him. Mykola's stepson witnessed the attack and called the police who responded to the scene. Mykola was taken to Metro Hospital to be treated for his injuries.
 {¶ 7} The Cleveland City Prosecutor charged the Halczysaks with assault and, although Donna was acquitted, Steve was convicted and ordered to pay $339 in restitution. While the criminal prosecution was proceeding, the Halczysaks and their business filed two small claims actions against Mykola in the Medina Municipal Court for the costs incurred in repossessing the Honda and damage to the Dodge Intrepid. Mykola answered and counterclaimed alleging fraud and compensatory and punitive damages in excess of the jurisdiction of the municipal court. The judge found in favor of Mykola on the complaint but dismissed his counterclaim with prejudice as untimely filed.
 {¶ 8} On April 24, 2001, the Pravitskyys filed this action against the Halczysaks and their business alleging claims of fraud, assault, loss of consortium, and slander. Donna filed a counterclaim alleging malicious prosecution. The matter was submitted to arbitration and on August 7, 2002, the arbitration panel found in favor of the Pravitskyys in the amount of $20,000. The Halczysaks appealed.
 {¶ 9} On November 4, 2002, the case went to trial before a jury on the claims of assault and fraud. The trial court granted a directed verdict on Donna's claim for malicious prosecution, but denied the Halczysaks' motion for directed verdict on the Pravitskyys' fraud claim. On November 7, 2002, the jury returned a verdict for the Pravitskyys' in the amount of $8,596.
 {¶ 10} On November 25, 2002, the Halczysaks filed a motion for judgment notwithstanding the verdict or for a new trial, which was denied by the trial court on December 10, 2002.
 {¶ 11} The Halczysaks have timely appealed and raise eight assignments of error for our review.
 {¶ 12} "I. The court committed prejudicial error in not dismissing plaintiff's fraud claim based on res judicata."
 {¶ 13} A small claims division of a municipal court is a court of "limited subject matter jurisdiction." Specifically, R.C. 1925.02(A)(2) provides, in pertinent part:
 {¶ 14} "A small claims division does not have jurisdiction in * * * actions for the recovery of punitive damages."
 {¶ 15} Here, Mykola's counterclaim asserted fraud and sought punitive damages. Therefore, the Medina Small Claims Court did not have subject matter jurisdiction and its proceedings on his counterclaim are a nullity. See Adkins v. Geyer (Feb. 26, 1986), Clark App. No. 2107. Accordingly, the trial court did not err in denying the motion to dismiss the fraud claim based on res judicata. The Halczysaks' reliance on Gravav. Parkman Township (1995), 73 Ohio St.3d 379 and The Bernard Group v.New Hope Alt. Therapy Research (2003), 153 Ohio App.3d 393 is misplaced. In both of these cases, the doctrine of res judicata applied because the lower courts had jurisdiction over the initial action.
 {¶ 16} Finally, although Mykola failed to assert lack of subject matter jurisdiction in the Medina case, this is not fatal to this claim. Ibid. Subject matter jurisdiction cannot be waived and where judicial tribunals have no jurisdiction of the subject matter, their proceedings are absolutely void. State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, 78.
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} "II. The court committed prejudicial [sic] in not instructing on self-defense or defense of others as requested by defendants."
 {¶ 19} Self-defense and defense of others in an intentional tort action are affirmative defenses that a defendant must plead and prove by a preponderance of the evidence. Goldfuss v. Davidson (1997),79 Ohio St.3d 116. A trial court need only instruct the jury on these defenses when a defendant has introduced sufficient evidence which, if believed, would raise a question in the minds of reasonable jurors concerning the existence of such issues. Id. If a defendant fails to meet his burden of producing sufficient evidence of the elements of self-defense or defense of others at trial, a jury instruction on these defenses are not warranted. Id.
 {¶ 20} To establish self-defense, a defendant must show: (1) that he was not at fault in creating the situation giving rise to the affray; (2) that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that he must not have violated any duty to retreat or avoid the danger. State v. Perez (1991),72 Ohio App.3d 468, 472.
 {¶ 21} To establish defense of others, a defendant must show that a family member is in imminent danger of death or serious bodily harm and that reasonable force was necessary to defend the family member to the same extent as the person would be entitled to use force in self-defense. State v. Williford (1990), 49 Ohio St.3d 247.
 {¶ 22} Self-defense and defense of others represent more than a denial or contradiction of evidence. State v. Martin (1986),21 Ohio St.3d 91, 94. Rather, these defenses admit the facts claimed by a plaintiff and then rely on independent facts or circumstances which a defendant claims exempt him from liability. Id. Specifically, these affirmative defenses seek to relieve a defendant from culpability rather than to negate an element of the offense charged. Id.
 {¶ 23} Applying these standards, it is apparent that Steve failed to show that he intentionally used force to defend himself or his wife against the imminent use of unlawful force by Mykola, since Steve denied ever choking, punching, or kicking Mykola, or in any way causing harm to him. With this testimony, Steve did not satisfy his burden of presenting evidence of a nature and quality sufficient to raise the defenses of self-defense or defense of others and merit an instruction. See State v.Clifford, Summit App. No. 20871, 2002-Ohio-4531; State v. Reynolds (Jul. 16, 2001), Brown App. No. CA2000-11-035; State v. Kajoshaj (Aug. 10, 2000), Cuyahoga App. No. 76857; State v. Hall (Jun. 26, 1996), Hamilton App. No. C-950751. Accordingly, the trial court did not err in refusing to instruct the jury on self-defense or defense of others.
 {¶ 24} The second assignment of error is overruled.
 {¶ 25} "III. The court committed prejudicial error in granting a directed verdict to plaintiff on Donna Halczysak's claim for malicious prosecution."
 {¶ 26} A motion for directed verdict is rightfully granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such opposing party.Limited Stores, Inc. v. Pan American World Airways, Inc. (1992),65 Ohio St.3d 66.
 {¶ 27} To establish the tort of malicious prosecution, a plaintiff must prove the following elements: (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Criss v.Springfield Twp. (1990), 56 Ohio St.3d 82.
 {¶ 28} In an action for malicious prosecution, the lack of probable cause is the gist of the action. Melonowski v. Judy (1921),102 Ohio St. 153. Probable cause does not depend on whether the claimant was guilty of the crime charged. Waller v. Fox (Oct. 6, 1982), Hamilton App. No. 810568. Rather, the question is whether the accusor had probable cause to believe that the claimant was guilty. Id. The person instituting the criminal proceeding is not bound to have evidence sufficient to insure a conviction but is required only to have evidence sufficient to justify an honest belief of the guilt of the accused. Epling v. PacificIntermountain Exp. Co. (1977), 55 Ohio App.2d 59, 62. The fact that a defendant is later acquitted and found not guilty by a jury does not negate probable cause and is not prima facie evidence of want of probable cause. Vesey v. Connally (1960), 112 Ohio App. 225, 226-227.
 {¶ 29} Applying these standards, we find that the trial court properly directed verdict in favor of Mykola for the reason that he acted with probable cause in the filing of the complaint against Donna. Mykola testified that she kicked and punched him. The mere fact that she was ultimately acquitted of the criminal charges does not mean that he filed said charges without probable cause or that he did not have an honest belief that she was guilty.
 {¶ 30} The third assignment of error is overruled.
 {¶ 31} "IV. The court committed prejudicial error in not granting a directed verdict on the fraud claim of plaintiff."
 {¶ 32} When ruling on a motion for a directed verdict, the trial court must submit an issue to the jury if there is sufficient evidence to permit reasonable minds to reach different conclusions on that issue.O'Day v. Webb (1972), 29 Ohio St.2d 215.
 {¶ 33} To establish a claim of fraud, a plaintiff must show all of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Watkins v. Cleveland Clinic Foundation (1998),130 Ohio App.3d 262, 278. Here, there was evidence presented, which demonstrated: (1) that Mykola transferred substantial sums of money to the Halczysaks, (2) that Mykola performed repair work for free for them because they promised that he would receive title to a car, (3) that Mykola did not receive title to a car after repeated requests. Based on this evidence, reasonable minds could differ as to whether the Halczysaks committed fraud and the trial court did not err in denying their motion for directed verdict and submitting the issue of fraud to the jury.
 {¶ 34} The fourth assignment of error is overruled.
 {¶ 35} "V. The court committed prejudicial error in not giving the jury separate verdicts as to the claims of plaintiff against the separate defendants."
 {¶ 36} In this assignment of error, the Halczysaks argue that the trial court erred in failing to give the jury separate verdict forms for each defendant since the evidence showed that Steve was primarily responsible for the injuries to Mykola. Although we agree that the trial court could have issued separate verdict forms, we find no error warranting reversal. Civ.R. 49(A) requires a trial court to use a general verdict form, "by which the jury finds generally in favor of the prevailing party." See, also, Schellhouse v. Norfolk Western Ry.Co. (1991), 61 Ohio St.3d 520. The rule does not prohibit a court from issuing multiple general verdict forms to the jury. Williams v. Oeder
(1995), 103 Ohio App.3d 333, 342. Indeed, in some circumstances, a trial court errs by failing to provide the jury with sufficient forms to cover the different verdicts possible under the evidence produced at trial.Cafaro Construction Co. v. BB Construction Co. of Ohio (Mar. 15, 1999), Mahoning App. No. 96CA87. However, even if a court fails to provide multiple verdict forms, when it would be prudent to do so, a reviewing court will not reverse the judgment absent a showing of prejudice. Reder v. Antenucci (1989), 62 Ohio App.3d 139, 146; Sherwoodv. Swindler (Aug. 18, 1975), Clinton App. No. 299. Here, although the trial court could have submitted separate verdict forms pertaining to each defendant, no prejudice has been demonstrated by them. The theoretical possibility that the jury could have found that primary liability rested with Steve and not Donna does not convince us that we must overturn the verdict. The evidence at trial reflected acts taken by Steve as an employee and agent of Donna and Forest City Used Cars and in furtherance of their business interests. Furthermore, we note that although the Halczysaks objected to the trial court's decision not to submit separate verdict forms, the record contains no indication that they requested jury interrogatories. See Civ.R. 49(B). Jury interrogatories could have clarified the issue presented here. The fifth assignment of error is overruled.
 {¶ 37} "VI. The court committed prejudicial error in not striking certain portions of the testimony of plaintiff Mykola Pravitskyy."
 {¶ 38} In this assignment of error, the Halczysaks argue that the trial court erred in failing to strike Mykola's testimony regarding his injuries and treatment since he did not present expert medical testimony. We disagree.
 {¶ 39} Generally, a plaintiff must present expert testimony on the issue of proximate cause when the causal connection between the negligence and the injury is beyond the common knowledge and understanding of the jury. Berdyck v. Shinde (1993), 66 Ohio St.3d 573. However, expert opinion testimony is not necessary when the causal relationship is a matter of common knowledge. Driscoll v. Gruss (January 28, 1999), Cuyahoga App. No. 73815 citing from Wood v. Elzoheary (1983),11 Ohio App.3d 27, 29. In such instances, when expert testimony is not required, the testimony of the plaintiff is sufficient to prove that the liability event caused the claimed injury. Id.
 {¶ 40} Here, the trial court properly disallowed evidence of Mykola's medical bills, other than the emergency room visit, since he failed to provide expert medical testimony. See Berdyck, supra. However, the trial court did not err in allowing Mykola to testify regarding his injuries and treatment. His testimony was sufficient to establish a causal connection between the attack and his injuries because the connection was within the common knowledge and understanding of the jury. Id. Mykola testified at length regarding the attack he endured by the Halczysaks. He testified that he was punched, kicked, and choked by them. He testified that he experienced injury to his neck, knee, and elbow and that he was given an oxygen mask and a support collar for his neck. He also testified that he suffered from severe bruising around his neck and had difficulty eating, drinking, driving, and moving his head following the attack. It is common knowledge that injuries to the neck can occur from being choked, as occurred in this case. Thus, Mykola's testimony was sufficient to allow the jury to conclude that his injuries were proximately caused by the attack. The question of the weight and sufficiency of Mykola's testimony was a matter left to the determination of the jury. Driscoll, supra.
 {¶ 41} The sixth assignment of error is overruled.
 {¶ 42} "VII. The court committed prejudicial error in not granting defendants credit against the verdict."
 {¶ 43} In this assignment of error, the Halczysaks argue that they should have been given a credit against the verdict in the amount of $339, the amount paid by Steve as a result of his conviction for assault in the Cleveland Municipal Court. We agree.
 {¶ 44} The record indicates that the parties stipulated that the money received by Mykola from the judgment in the Cleveland Municipal Court would be subtracted from the verdict. Indeed, the Pravitskyys concede as such in their appellee brief. Accordingly, we find that the trial court erred in denying the Halczysaks motion for credit against the verdict in the amount of $339. See Spencer v. Mathias (May 22, 1987), Huron App. No. H-86-32.
 {¶ 45} The seventh assignment of error is well-taken.
 {¶ 46} "VIII. The court committed prejudicial error in not granting defendants' motion for judgment notwithstanding the verdict or for a new trial."
 {¶ 47} A new trial will not be granted when the verdict is supported by competent, substantial, and apparently credible evidence.Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183. The trial court's decision not to grant a new trial will not be reversed absent an abuse of discretion. Isquick v. Classic Autoworks, Inc. (1993), 89 Ohio App.3d 767,774. In deciding a motion for j.n.o.v., "the evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied." Altmann v. Southwyck AMC-JeepRenault (1991), 76 Ohio App.3d 92, 95.
 {¶ 48} The Halczysaks first argue that they are entitled to a j.n.o.v or a new trial because Mykola's fraud claims are barred by res judicata and collateral estoppel. We disagree. In the first assignment of error, we held that the doctrine of res judicata did not apply to Mykola's fraud case since the Medina Municipal Court's judgment entry dismissing the case was void for lack of subject matter jurisdiction.
 {¶ 49} Next, the Halczysaks claim that they are entitled to a j.n.o.v or a new trial because separate verdict forms should have been submitted to the jury. We disagree. In the fifth assignment of error, we held that they failed to show any prejudice in the trial court's decision to submit only one verdict form.
 {¶ 50} The eighth assignment of error is overruled.
Judgment affirmed in part and reversed in part.
It is ordered that appellants and appellees shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Frank D. Celebrezze, Jr., J., concur.