JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Rita Northern, pro se, appeals from the judgment of the Cuyahoga County Court of Common Pleas in favor of appellee Medical Mutual of Ohio and ten individual employees. The trial court granted the dismissal of Northern's claims for battery and intentional infliction of emotional distress, and granted summary judgment on the claims for disability discrimination and employee liability. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal.[1]
Northern was hired by Medical Mutual in 1986 as a customer service representative. This position required Northern to spend most of her workday on the telephone. According to Northern's deposition, sometime in 1991, she informed Medical Mutual that she seemed to be having a problem with her ears hurting and indicated that she needed to get off the phones. Northern's supervisor did allow her to take breaks from the phones when her ears hurt. When Northern requested to be placed in another position, Medical Mutual requested that Northern provide medical documentation about her condition. According to Northern, she did not provide any medical documentation indicating she needed to be taken off the phone until 1994 or 1995.
 {¶ 3} This court's review of the record reflects a letter from Seymour Friedman, M.D., dated August 26, 1996, that indicates Northern had hyperacusis, a condition in which she is extremely sensitive to noise and gets pain in her ears. The doctor further indicated that Northern was able to work but could not do phone work. When Northern provided documentation of her condition, she again asked to be placed in another position.
 {¶ 4} Upon receipt of the medical documentation, Medical Mutual placed Northern into a claims processor position, which did not require working on the phones. Northern's pay and benefits remained the same despite being placed in an entry-level position. In this position, Northern was admittedly falling well below production standards. Northern claimed in deposition that nobody was reaching the production standard and that she was new to the job and having problems with the system. While in this position, Northern was written up several times for falsifying her time records, continually using the telephone for personal reasons when she was supposed to be at her workstation, tardiness, being disruptive in a training seminar, excessive absenteeism, and failing to meet production standards.
 {¶ 5} In September 2000, Medical Mutual moved Northern to another entry-level position in Medical Mutual's claims distribution center. Her pay and benefits remained the same. In this position, her duties included opening and sorting mail, and processing claims by auto-routing subscribers' numbers in the computer. Northern again had difficulty meeting production standards. In April 2001, Northern's supervisor gave her a final written warning, indicating that Northern needed to improve the quality and quantity of production to an acceptable level. Northern was terminated on May 22, 2001. The termination letter indicated that Northern was being terminated because she failed to improve her performance.
 {¶ 6} Northern asserted that she was written up for untruthful reasons and felt she was being "blackballed." Northern believed that her disability "might" have had something to do with her termination. She believed this because she "was wondering what else could it have been." She also indicated that it "might" have been because she was a black woman and was over the age of forty. Northern felt that she was not treated fairly and could have easily been placed in another job position. She stated she was constantly informing personnel how she felt and doing so in an assertive manner.
 {¶ 7} Northern brought this action against Medical Mutual and several of its employees, raising claims of disability discrimination, battery, employee liability, and intentional infliction of emotional distress. Upon motion, the trial court dismissed the claims for battery and intentional infliction of emotional distress. The trial court found that Northern had failed to plead facts to establish an unlawful touching and had failed to attribute actions to the individual defendants to establish intentional infliction of emotional distress. The trial court ultimately granted summary judgment on the remaining counts. Northern has appealed from these decisions.
 {¶ 8} Northern's assignments of error are essentially worded as arguments that claim the trial court erred in allowing summary judgment, her case should be heard on the merits, and the evidence supports her case. Although Northern mentions only the granting of summary judgment, her notice of appeal indicates that she is appealing from the order of dismissal and the order granting summary judgment. We shall review both determinations.
 {¶ 9} We begin our analysis with the trial court's order granting the dismissal of Northern's claims for battery and intentional infliction of emotional distress. An appellate court's standard of reviewing a trial court's dismissal pursuant to Civ.R. 12(B)(6) is de novo, because it presents a question of law. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. When reviewing a Civ.R. 12(B)(6) motion to dismiss, this court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiffs. Maitland v. Ford Motor Co., 103 Ohio St.3d 463,465, 2004-Ohio-5717. For the motion to be granted, it must appear from the face of the complaint that the plaintiffs can prove no set of facts that would entitle them to relief. Id.
 {¶ 10} In order to successfully plead a tort of battery, a plaintiff must allege an intentional harmful or offensive touching without the consent of the one being touched. Wilson v.Chatman, Crawford App. No. 3-02-38, 2003-Ohio-2818, citingAnderson v. St. Francis-St. George Hosp., Inc. (1996),77 Ohio St.3d 82, 84. In this case, Northern's battery claim alleges that employees of Medical Mutual failed to protect her rights as a disdained employee, treated her with contempt, lied to her, accused her of being disruptive and embarrassing the company, and wrote her up for calling off work when her brother died. There are no allegations in the complaint indicating any harmful or offensive touching of Northern. Thus, the complaint was insufficient as to the claim of battery.
 {¶ 11} The tort of intentional infliction of emotional distress has been set forth as "one who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress * * *." Yeager v. Local Union 20 (1983),6 Ohio St.3d 369. Liability for intentional infliction of emotional distress will be found only in the most extreme circumstances: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" Id. at 374-375, quoting comment d to Section 46 of the Restatement of the Law 2d, Torts (1965) 71, 73.
 {¶ 12} A review of the complaint shows that Northern made no allegations of conduct that could be considered so extreme and outrageous as to go beyond all possible bounds of decency. Northern alleges that employees for Medical Mutual did not acknowledge her problem until after it became irreversible. She also alleges she was written up using false information, was lied to, treated with contempt, disrespected and humiliated. Northern further alleges that the defendants acted with malice. However, as explained in Yeager, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" or even where "[a defendant's] conduct has been characterized by `malice.'" Id. Here, the allegations in the complaint do not delineate any conduct that rationally could be considered extreme or outrageous so as to support an action for emotional distress.
 {¶ 13} Accordingly, we find no error in the trial court's dismissal of counts two and four of the complaint.
 {¶ 14} We next consider the trial court's order granting summary judgment in favor of Medical Mutual on Northern's claims for disability discrimination and employee liability. This court reviews a trial court's grant of summary judgment de novo.Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Dussell v. Lakewood Police Department, 99 Ohio St.3d 299,300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v. OhioAdult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 15} Northern's claims for disability discrimination and employee liability allege that Medical Mutual refused to acknowledge Northern's hearing problem and that Medical Mutual terminated her based upon biased information. Northern further alleges under these claims that employees of Medical Mutual lied to her, disrespected her, embarrassed her, made false accusations against her, and failed to give her the opportunity to advance. In her brief, Northern asserts that defense counsel has turned this into a discrimination case, even though she is claiming that her injury arose out of her employment at Medical Mutual, that she was denied her right to fair compensation for her injury, that employees of Medical Mutual told lies to get her fired, and that she was wrongfully discharged.
 {¶ 16} We initially point out that this is not a workers' compensation case, and Northern's references to such a claim will be disregarded. We also find that although there is some evidence in the record that Northern was diagnosed with a condition called hyperacusis involving ringing in her ears, there is no evidence in the record that establishes this condition arose from her job at Medical Mutual. Finally, regardless of whether count one is viewed as a disability discrimination claim or a wrongful discharge claim, Northern has failed to establish either claim.
 {¶ 17} As we recognized in Maracz v. UPS, Cuyahoga App. No. 83432, 2004-Ohio-6851, "To establish a prima facie case of disability discrimination under R.C. Chapter 4112, an employee must demonstrate: (1) that he or she was disabled; (2) that the employer took an adverse employment action against the employee, at least in part, because the employee was disabled; and (3) that the employee could safely and substantially perform the essential functions of the job in question despite his or her disability.Hood v. Diamond Prod., Inc. (1996), 74 Ohio St.3d 298,1996-Ohio-259, 658 N.E.2d 738. * * * Once an employee establishes a prima facie case of disability discrimination, `the burden then shifts to the employer to set forth some legitimate, nondiscriminatory reason for the action taken.' Hood,74 Ohio St.3d at 302. If the employer does so, `then the employee * * * must demonstrate that the employer's stated reason was a pretext for impermissible discrimination.' Id." Here, the evidence does not establish that Northern has a disability. R.C. 4112.01(A)(13) defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment." The evidence in this case fails to show that Northern's condition meets the threshold requirement of a substantial limitation of a major life activity, i.e., hearing or working.
 {¶ 18} At least one Ohio court has found constant ringing in the ears is not a disability where one-on-one conversations were not affected. Ratliff v. Ohio Dept. of Rehab. Corr. (1999),133 Ohio App.3d 304. Also, in determining whether a disability exists, the mitigating effect of medication must be taken into account. DeBolt v. Eastman Kodak Co., 146 Ohio App.3d 474,2001-Ohio-3996. See, also, Maracz, supra; Sutton v. United AirLines, Inc. (1999), 527 U.S. 471, 482-483 ("a person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently `substantially limits' a major life activity"). In this case, Northern admitted her condition was relieved when she took Valium and she could function normally while taking Valium. Further, at the time Northern was terminated, her position at Medical Mutual did not require talking on the phone, and her ability to work was not substantially limited by her condition.
 {¶ 19} Even if Northern could have established a prima facie case, Northern, nevertheless, failed to demonstrate that Medical Mutual's proffered legitimate reason for her termination was a pretext for disability discrimination. "[A] reason cannot be proved to be `a pretext for discrimination' unless it is shown both that the reason was false and that discrimination was the real reason." Williams v. City of Akron, 107 Ohio St.3d 203,206, 2005-Ohio-6268, quoting St. Mary's Honor Ctr. v. Hicks
(1993), 509 U.S. 502, 515-516. There is no evidence in the record to show that Medical Mutual's proffered reason for terminating Northern, unacceptable quality and production of work, was false. Medical Mutual provided documentation of Northern's work production, which in the week prior to her termination was only 45 percent of the total production goal, with several claims inaccurately processed. Northern provided no evidence, beyond mere allegations, that the above reason was a pretext. Accordingly, Northern failed to establish that her condition was a "disability" and also failed to establish that her dismissal was a pretext for discrimination.
 {¶ 20} To establish a prima facie case of "hostile work environment," pursuant to R.C. 4112.02, Northern needed to establish the following: "(1) that she had a protected handicap; (2) that she was subjected to unwelcomed verbal or physical conduct; (3) that she was harassed by such unwelcomed verbal or physical conduct; (4) that the alleged harassment had the effect of unreasonably interfering with her work performance and created an intimidating, hostile, or offensive environment; and (5) that respondeat superior liability exists." Hart v. ColumbusDispatch/Dispatch Printing Co., Franklin App. No. 02AP-506, 2002-Ohio-6963. Here, as noted, Northern has not established she has a "disability" under R.C. 4112.01(A)(13). Also, she has failed to demonstrate that the alleged harassment was sufficiently severe or pervasive to create an abusive working environment. Northern therefore cannot establish a hostile work environment claim.
 {¶ 21} For the above reasons, we find the trial court did not err in granting summary judgment to Medical Mutual.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., Concur.
[1] We note that Northern's brief contains some factual allegations that are not in the record before us. Because an appellate court is limited to reviewing the record, we will disregard alleged facts that are not of record in the trial court. See Bernard Group v. New Hope Alternative TherapyResearch, 153 Ohio App.3d 393, 391 n. 1, 2003-Ohio-4195; ChaseManhattan Mtge. Corp. v. Locker, Montgomery App. No. 19904,2003-Ohio-6665.