JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Jody J. Fromer appeals from the decision of the Cuyahoga County Court of Common Pleas that dismissed her case with prejudice. For the reasons stated below, we affirm.
 {¶ 2} This case involves the application of the double-dismissal rule under Civ.R. 41(A). Specifically, the case involves the refiling of a claim in the common pleas court with an increased demand for damages that would have been outside the jurisdiction of the small claims division of the municipal court, where the claim was first filed and dismissed. We find that the rule does apply in this instance.
 {¶ 3} The record in this case reflects the following procedural history. On October 18, 2002, Fromer filed a claim in the Small Claims Division of Willoughby Municipal Court against Allen and Christine DeVictor, appellees herein. The claim asserted the nondisclosure of a leaking, nonfunctioning hot tub, in connection with the sale of a home, and sought damages in the amount of $1,268, which was represented as the cost of repair. For reasons not pertinent hereto, the matter was transferred to the Small Claims Division of the Painesville Municipal Court. Ultimately, Fromer filed a voluntary notice of dismissal without prejudice.
 {¶ 4} Thereafter, Fromer filed a complaint in the Cuyahoga County Court of Common Pleas, asserting a claim of fraudulent nondisclosure with respect to the same real estate transaction. The complaint included additional allegations of nondisclosure and fraudulent representations. The complaint also increased the *Page 4 
demand for compensatory damages in excess of $25,000 and added a demand for punitive damages in the amount of $50,000. Fromer filed a voluntary notice of dismissal without prejudice on June 28, 2005.
 {¶ 5} On June 28, 2006, Fromer refiled her complaint in the Cuyahoga County Court of Common Pleas, again asserting a claim of fraudulent nondisclosure and seeking compensatory damages in excess of $25,000 and punitive damages in the amount of $50,000. The DeVictors moved to dismiss the action and argued that the claim had already been dismissed twice and that the second dismissal was an adjudication on the merits pursuant to Civ.R. 41(A). The trial court agreed and granted the motion to dismiss pursuant to Civ.R. 12(B)(1).
 {¶ 6} Fromer has appealed and has raised one assignment of error for our review. The assignment of error provides as follows:
 {¶ 7} "I. The trial court committed error as a matter of law when it granted the motion to dismiss of defendants and when it found that `the plaintiffs [sic] have previously filed and dismissed the instant claims on two occasions, as such, plaintiffs [sic] second dismissal operated as adjudication on the merits pursuant to Civil Rule 41(A) * * *' and when it dismissed plaintiff's case with prejudice."
 {¶ 8} We apply a de novo standard of review to the granting of a motion to dismiss under Civ.R. 12(B)(1) for lack of subject matter jurisdiction. Dzina v. Avera Internatl. Corp., Cuyahoga App. No. 86583,2006-Ohio-1363. Under a de novo standard of review, we must independently review the record and afford no *Page 5 
deference to the trial court's decision. Herakovic v. CatholicDiocese, Cuyahoga App. No. 85467, 2005-Ohio-5985.
 {¶ 9} Civ.R. 41(A) provides as follows:
 {¶ 10} "Voluntary dismissal: effect thereof
 "(1) By plaintiff; by stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ 11} "* * *
 "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
 {¶ 12} It is the final provision of Civ.R. 41(A) that is known as the double-dismissal rule. The Ohio Supreme Court recently addressed the rule in Olynyk v. Scoles, 114 Ohio St.3d 56, 2007-Ohio-2878, wherein the court stated the following:
 "It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication *Page 6 of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action. See 1970 Staff Note to Civ.R. 41 (When a dismissal is with prejudice, `the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried')." (Internal citations omitted.)
 {¶ 13} The Ohio Supreme Court further stated that both dismissals must be "notice dismissals" under Civ.R. 41(A)(1)(a) for the double-dismissal rule to operate. Id. An adjudication upon the merits pursuant to the double-dismissal rule is a bar to a future action under the doctrine of res judicata. Chadwick v. Barba Lou, Inc. (1982), 69 Ohio St.2d 222,226.
 {¶ 14} In this matter, there is no dispute that both dismissals were voluntary notice dismissals. Nevertheless, Fromer attempts to argue several reasons why the rule should not be applied to her case.
 {¶ 15} First, Fromer erroneously contends that a small claims division does not have jurisdiction over a fraud claim and that any proceedings with respect to her initial claim, including the notice dismissal, were a nullity. In support of her position, Fromer cites Pravitskyy v.Halczysak, Cuyahoga App. No. 82295, 2003-Ohio-7057. *Page 7 
However, a review of Pravitskyy reflects that it was not the assertion of a fraud claim, but rather the demand for punitive damages, that rendered the small claims court to be without subject matter jurisdiction. Id. Indeed, this court specifically recognized that "a small claims division of a municipal court is a court of limited subject matter jurisdiction.' Specifically, R.C. 1925.02(A)(2) provides, in pertinent part: `A small claims division does not have jurisdiction in * * * actions for the recovery of punitive damages.'" Id. Other cases reflect that fraud claims may be asserted in the small claims division. See, e.g., Noah v. Hughley (Dec. 14, 2000), Cuyahoga App. No. 76522 (claim of fraud in connection with the purchase of a used automobile);Marquard v. Meadows (Dec. 16, 1999), Cuyahoga App. No. 75243 (claim for fraudulent misrepresentation in a real estate transaction). As Fromer sought compensatory damages only in the amount of $1,268, her initial case was within the subject matter jurisdiction of the small claims division.[1]
 {¶ 16} Next, Fromer argues that the action she filed in the court of common pleas sought damages in excess of the monetary jurisdiction of the small claims division and included a claim for punitive damages. She states that because she could not have filed this action in the small claims division, the small claims division *Page 8 
was not "any court" in which she could have filed her claims. She also asserts that the claim over which the small claims division would not have had jurisdiction was not the "same claim" and, therefore, the double-dismissal rule should not be applied.
 {¶ 17} We are not persuaded by Fromer's argument. Such an interpretation is not consistent with the plain wording of Civ.R. 41(A). Also, it would permit a party to avoid application of the double-dismissal rule merely by changing the damages sought to exceed the jurisdiction of the court where the action was first filed and dismissed. This clearly is not consistent with the purpose behind the double-dismissal rule.
 {¶ 18} As set forth above, Civ.R. 41(A) provides that "a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." The primary inquiry is whether the plaintiff previously filed a notice dismissal of the same claim in any court.
 {¶ 19} In making the determination of whether the "same claim" is involved, the court in Ater v. Follrod (S.D. OH 2002),238 F.Supp.2d 928, 951, explained as follows:
 "In determining whether a subsequent complaint involves the `same claim' for purposes of the double-dismissal rule, Ohio courts have adopted the claim preclusion standards set forth by the Ohio Supreme Court in Grava v. Parkman Township, [73 Ohio St.3d 379, 1995-Ohio-331]. [Internal citations omitted]. *Page 9 "In Grava, the court held that a `valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' 73 Ohio St.3d at 382, 653 N.E.2d at 229. The court explicitly adopted Sections 24 and 25 of the Restatement of Judgments, explaining as follows:
 "`Section 24(1) of the Restatement of Judgments * * * provides: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar * * *, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." * * * Comment b to Section 24 of the Restatement of Judgments * * * defines a "transaction" as a "common nucleus of operative facts." Comment c to Section 24, at 200, plainly states: "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief."
 "`Section 25 of the Restatement of Judgments * * * further explains: "The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." * * * Id. at 382-83, 653 N.E.2d at 229 (internal citations omitted).'"(Emphasis added.)
 {¶ 20} Applying the above principles to the facts of this case, we find that the claim brought by Fromer in the common pleas court arose out of the transaction that was the subject matter of the small claims action. Indeed, both cases involved a claim of fraudulent nondisclosure with respect to the same real estate transaction. *Page 10 
Further, the fact that Fromer chose to seek increased compensatory damages and punitive damages that were not, or could not have been, brought in the municipal court action does not impact the inquiry of whether the same claim was involved. See Ater, 238 F.Supp.2d at 951. As indicated above, multiple claims are not created even though a plaintiff chooses to seek remedies or forms of relief not demanded in the first action. See Sections 24(1) and 25 of the Restatement of Judgments.
 {¶ 21} Having once filed a notice dismissal of the same claim in the municipal court (which qualifies as "any court"), Fromer's first notice dismissal in the common pleas court operated as an adjudication upon the merits and was a dismissal "with prejudice" under the double-dismissal rule. See Olynyk, 114 Ohio St.3d 56. Accordingly, the trial court properly dismissed the instant action. Fromer's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR
[1] We note that in the event there is a lack of subject matter jurisdiction, a case may be dismissed other than on the merits pursuant to Civ.R. 41(B)(4), which provides: "A dismissal for either of the following reasons shall operate as a failure otherwise than on the merits: (a) lack of jurisdiction over the person or the subject matter." Such a dismissal would not count toward the double-dismissal rule. *Page 1